IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DIRECT GENERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                             CASE NO.:4:10-cv-336-SPM

CAROLYN A. GAY, et al.,

    Defendants.

_____/

## **ORDER**

THIS CAUSE comes before the Court on the Defendants' Motion for Attorney Fees (doc. 33) and Plaintiff's Response in Opposition (doc. 34).

In diversity cases, a party's right to attorney fees is determined by reference to state law. See All Underwriters v. Weisberg, 222 F.3d 1309, 1311 (11th Cir. 2000). Section 627.428, Florida Statutes, provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

Defendants rely on the unpublished opinion of Prime Insurance

Syndicate, Inc. v. Soil Tech Distributors, Inc., 270 Fed.Appx. 962 (11th Cir. 2008), in which the Eleventh Circuit affirmed a district court's award of attorney fees pursuant to Section 627.428, following dismissal of the declaratory judgment action for lack of subject matter jurisdiction for failure to satisfy the amount in controversy requirement. The Court determined that "[u]nder certain circumstances Florida law permits an award of attorney's fees to the *prevailing party* in a dispute between an insurer and its insured[,]" and that Section 627.428 does not require a decision on the merits and may be satisfied where a court has dismissed the case for lack of subject matter jurisdiction. Id. at 963 (emphasis added). Notably, in that case, there was no mention of a pending state proceeding, an important factual distinction from the present case.

Upon review, the Court determines that Prime Insurance "does not mean . . . that in all cases in which a complaint is dismissed for lack of subject matter jurisdiction, one party is automatically entitled to fees." Southern-Owners Ins. Co. v. Tomac of Florida, Inc., 687 F.Supp.2d 665, 671 (S.D. Tex. 2010) (interpreting Fla. Stat. § 627.428). "The Court must still engage in a determination of whether, under the circumstances of this case, Defendant can truly be said to have 'prevailed' such that it qualifies for an award of fees." Id.

As there is a pending parallel state declaratory judgment proceeding regarding the controversy at issue in this case, the Court determines that the determination of whether Defendants are prevailing parties in this dispute is

premature at this time.

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendants' Motion for Attorney Fees (doc. 33) is DENIED without prejudice to the filing of an additional motion for attorney fees subsequent to the resolution of the pending state declaratory judgment proceeding.

DONE AND ORDERED this <u>twenty-sixth</u> day of July, 2011.

<u>*s/ Stephan P. Mickle*</u>
Stephan P. Mickle
Senior United States District Judge