IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DIRECT GENERAL
INSURANCE COMPANY,

     Plaintiff,

v.                             CASE NO.: 4:10cv336-SPM/CAS

CAROLYN A. GAY et al.,

     Defendants.

_____/

## ORDER GRANTING AMENDED MOTION FOR ATTORNEY'S FEES

This cause comes before the Court upon the Defendants' Amended
Motion for Attorney's Fees (doc. 39), Plaintiff's response (doc. 40), Defendants'
reply (doc. 44), and Plaintiff's sur-reply (doc. 45). There are two issues in the
pending motion: (1) whether the Defendants timely filed their amended motion
for attorney's fees and if so, (2) whether the Defendants are entitled to an award
of reasonable attorney's fees.

### I. Timeliness of Filing the Attorney's Fees

The Defendants filed an initial motion for attorney's fees in March of 2011
(doc. 33) and the Plaintiff responded (doc. 34). This motion was denied without
prejudice of filing an additional motion for attorney's fees "subsequent to the

resolution of the pending state declaratory judgment proceeding." (doc. 38). The state proceeding has now settled and concluded.  Accordingly, the Defendants have filed an amended motion for attorney's fees (doc. 39).

The Plaintiff argues that this amended motion for attorney's fees is untimely. Specifically, the Plaintiff believes that the "entry of judgment" in this instant case occurred when the Estate of Curtis Wallace and the Plaintiff reached a settlement agreement on February 7, 2012. Therefore, to the Plaintiff, the amended motion for attorney's fees should have been filed within the 14-day limit under Fed. R. Civ. P. 54(d)(2)(B) or within 30 days of entry of judgment as noted in the initial scheduling order (doc. 15). Under the Plaintiff's theory the amended motion for attorney's fees should have been filed no later than March 8, 2012.

The Defendants disagree with the Plaintiff's theory. Instead, they believe that the "entry of judgment" begins when the state trial court entered the order dismissing the Defendants from the wrongful death suit on August 29, 2012. If anything the Defendants concede that they may have filed their amended motion prematurely since they filed their amended motion earlier on August 3, 2012.

The 14-day limit under Fed. R. Civ. P. 54(d)(2)(B) and this Court's initial scheduling order applies to initial motions for attorney's fees, but not to supplemental petitions. See e.g., Taylor v. USF-Red Star Express, Inc., 212 Fed. Appx. 101, 112, 2006 WL 3749598 at *9 (3d Cir. Dec. 21, 2006) ("Notice is a

greater concern in initial motions for attorney's fees than it is in supplemental

motions, and courts considering the timeliness of supplemental motions have

allowed those motions to be filed as long as their timing was reasonable.")

(citation omitted). Supplemental attorney's fee petitions may be considered by a

court when filed within a reasonable period of time, with consideration given to

when the amount of supplemental fees becomes known or when the case is

completed in its entirety. Id.; see, e.g., Parker v. Califano, 443 F.Supp. 789, 792

(D.D.C. 1978) ("[C]ounsel's decision not to file any supplemental fees motions

until the case was completed in its entirety was perfectly reasonable.").

        This Court reserved the right to review the amended motion for attorney's

fees so long as the filing of the motion was done in a reasonable time frame.

Here the Defendants filed their amended motion prior to the completion of the

state trial court case. Defendants' timing is reasonable and Plaintiff has not

demonstrated any prejudice.  Accordingly, this Court finds no basis to deny

Defendants' motion for attorney's fees for untimeliness.

        II. Entitlement to an Award of Attorney's Fees

        The Defendants, the insured, argue that they are entitled to attorney's

fees in the instant case because they were the prevailing party pursuant to

Florida Statute section 627.428(1) (2010). This is because the instant case was

dismissed for lack of subject matter jurisdiction and the underlying state trial case

settled. The Defendants argue that this underlying settlement amounted to a

"confession of judgment" entitling them to recover attorney's fees in the instant federal action. According to the Defendants, this is especially true since the Defendants were forced to hire counsel and defend themselves from the Plaintiff's attempt to deny coverage under the insurance policy.

Whereas, the Plaintiff contends that the Defendants were not the prevailing party because the underlying case settled for the same amount as offered previously by the insurer. The Plaintiff further contends that an insurance company has a confession of judgment when an insurance company unreasonably withholds a payment under an insurance policy and here the Plaintiff did not do so because they offered the full insurance policy limit prior to the actual settlement for the full policy limit. The Plaintiff also asserts that at all times they were protecting the Defendants' interest and complying with the terms of the insurance policy.

Plaintiff's arguments are inapposite. The purpose of section 627.428 "is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees incurred when they must enforce in court their contract with the insurance company." Pepper's Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla.2003) (citing Bell v. U.S.B. Acquisition Co., 734 So.2d 403, 411 n.10 (Fla. 1999).  The Florida Supreme Court has noted that "[w]hen the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit.  Thus, the payment of

CASE NO.: 4:10cv336-SPM/CAS

the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." <u>Wollard v. Lloyd's and Companies of Lloyd's</u>, 439 So.2d 217, 218 (Fla. 1983). Accordingly, an insurer cannot avoid liability for statutory attorney's fees by settling the case, this would be "neither reasonable nor just." <u>Ottaviano v. Nautilus Ins. Co.</u>, 660 F. Supp.2d 1315, 1318 (2009). Thus, "[a]n insurer will owe attorney's fees to its insured where coverage is disputed and the insured prevails whether by judgment or a confession of judgment." <u>First Floridian Auto & Home Ins. Co. v. Myrick</u>, 969 So.2d 1121, 1123-24 (Fla. 2d DCA 2007) (citation omitted).

Here the Plaintiff initiated the instant cause of action and alleged that the Defendants were not entitled to insurance coverage. Therefore, the Defendants were forced to hire counsel and enforce their contract with the insurance company. Ultimately, this instant case was dismissed for lack of subject matter jurisdiction. Then when the Plaintiff settled the underlying state case they provided the Defendants with the precise relief they alleged the Defendants were not entitled to. Therefore, this settlement was a confession of judgment. The Defendants are the prevailing party pursuant to the instant case being dismissed for lack of subject matter jurisdiction and the underlying state case settling. Accordingly, it is hereby,

ORDERED AND ADJUDGED that the amended motion for attorney's fees (doc. 39) is **granted**. The Parties shall now make a good faith effort to settle on a

reasonable amount of attorney's fees as required under Local Rule 54.1(C).

DONE AND ORDERED this 20th day of November, 2012.

*S/ Stephan P. Mickle*

Stephan P. Mickle
Senior United States District Judge

CASE NO.: 4:10cv336-SPM/CAS